UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  #51(1/4)

| Case No. | CV 20-0476 PSG (MRWx) | Date | December 28, 2020 |
|---|---|---|---|
| Title | Erica Henderson et al v. Union Station Housing Services et al | | |

| Present: The Honorable | Philip S. Gutierrez, United States District Judge | |
|---|---|---|
| Wendy Hernandez | | Not Reported |
| Deputy Clerk | | Court Reporter |
| Attorneys Present for Plaintiff(s): | | Attorneys Present for Defendant(s): |
| Not Present | | Not Present |

**Proceedings (In Chambers):**   The Court GRANTS the motion to amend the complaint.

Before the Court is a motion to amend the complaint filed by Plaintiffs Jeffrey and Erica Henderson ("Plaintiffs").  *See generally* Dkt. # 51 ("*Mot.*").  Defendant Union Station Homeless Services, Inc. ("USHS" or "Defendant")[1] responded, *see generally* Dkt. # 52 ("*Opp.*"), and Plaintiffs replied ("*Reply*").  The Court finds the matter appropriate for decision without oral argument.  *See* Fed. R. Civ. P. 788; L.R. 7-15.  Having considered the moving, opposing, and reply papers, the Court **GRANTS** the motion to amend the complaint.

I.   Background

USHS is a non-profit organization that provides housing services to adults and families experiencing homelessness.  *See First Amended Complaint*, Dkt. # 31 ("*FAC*"), ¶¶ 11, 19–21.  USHS receives federal funding to provide homeless services in Pasadena, California.  *Id.* ¶ 23.  Plaintiffs allege they applied for USHS's services in August 2017, seeking housing for themselves, Jeffrey's disabled brother, and Erica's adult son.  *Id.* ¶¶ 29, 31.  Plaintiffs' application was denied because "Defendants did not provide housing services for (1) married people and (2) for families like Jeffrey's," which included an adult child and Jeffrey's brother.  *Id.* ¶ 31.

Plaintiffs, Timothy Rivera, and Jason Henderson initiated this action, *pro se*, against USHS, on January 16, 2020.  *See* Dkt. # 1.  The operative First Amended Complaint ("FAC"), filed on July 6, excludes Timothy Rivera and Jason Henderson, and alleges that USHS discriminated against Plaintiffs on the basis of sex, familial status, and marital status.  *See*

---

[1] Defendant was erroneously sued as Union Station Housing Services, Inc.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-0476 PSG (MRWx) | Date | December 28, 2020 |
|---|---|---|---|
| Title | Erica Henderson et al v. Union Station Housing Services et al | | |

*generally FAC*. The FAC asserts seven causes of action, including violations of federal and state housing discrimination laws.[2]

USHS filed an answer to the FAC on August 4. *See generally* Dkt. # 38. On October 20, the Court vacated the scheduling conference and entered a scheduling order, setting November 30 as the last day to add parties and amend pleadings. *See* Dkt. # 45.

On November 26, Plaintiffs filed the instant motion seeking to amend the FAC. *See generally Mot*. Specifically, Plaintiffs seek to (1) add four new defendants—John Brauer ("Brauer"), Elizabeth Trussell ("Trussel"), Jonathan Scherck ("Scherck"), and Erin Brand ("Brand") (collectively, the "New Defendants"), (2) add Union Station Homeless Services, erroneously sued as Union Station Housing Services, and (3) remove Plaintiffs Jason Henderson and Timothy Dean Rivera. *Mot*. 1:19–2:6.

II.     Legal Standard

Pursuant to Federal Rule of Civil Procedure 15(a)(2), a party may amend its pleading with the court's leave. "The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). In light of the federal policy favoring the determination of cases on their merits, the policy of granting leave is to be applied with "extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003); *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001). Factors that may justify denying a Rule 15(a)(2) motion include undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, and futility of amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962). "Absent prejudice, or a strong showing of any of the remaining factors, there exists a presumption in favor of granting leave to amend." *Eminence*, 316 F.3d at 1052 (emphasis omitted).

Once a court enters a pre-trial scheduling order, however, motions for leave to amend the pleadings are governed by Federal Rule of Civil Procedure 16. *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607–08 (9th Cir. 1992). Under Rule 16, a party seeking to amend a pleading after the date specified in a scheduling order must first show "good cause" for modifying the scheduling order. *Id*. at 609 ("Unlike Rule 15(a)'s liberal amendment policy

---

[2] The seventh cause of action is mistakenly numbered the eighth cause of action. *See FAC* at 23–25.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-0476 PSG (MRWx) | Date | December 28, 2020 |
|---|---|---|---|
| Title | Erica Henderson et al v. Union Station Housing Services et al | | |

which focuses on the bad faith of the party seeking to interpose an amendment and the prejudice to the opposing party, Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." (internal citation omitted)). Upon a showing of "good cause," the party seeking amendment must then demonstrate that amendment is proper under Rule 15(a). *See id.* at 607.

III. Discussion

First, the Court addresses Plaintiffs' noncompliance with Local Rule 7-3. Then the Court turns to Plaintiffs' motion to amend.

    A.    Compliance with Local Rule 7-3

USHS states that Plaintiffs failed to comply with the meet and confer requirements of Local Rule 7-3. *Opp*. 3:7–8. The Local Rules and this Court's standing order require counsel to meet and confer at least seven days prior to filing a motion like the one at issue. *See* L.R. 7-3; *Standing Order* ¶ 5(b). Local Rule 7-3 provides that:

> [C]ounsel contemplating the filing of any motion shall first contact opposing counsel to discuss thoroughly, preferably in person, the substance of the contemplated motion and any potential resolution. The conference shall take place at least seven (7) days prior to the filing of the motion. If the parties are unable to reach a resolution which eliminates the necessity for a hearing, counsel for the moving party shall include in the notice of motion a statement to the following effect:
>
> "This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on (date)."

*See* L.R. 7-3. Similarly, the Court's Standing Order states:

> Counsel must comply with Local Rule 7-3, which requires counsel to engage in a prefiling conference "to discuss thoroughly . . . the substance of the contemplated motion and any potential resolution." Counsel should discuss the issues to a sufficient degree that if a motion is still necessary, the briefing may be directed to those substantive issues requiring resolution by the Court. Counsel should resolve minor or otherwise nonsubstantive matters during the conference. The *pro per* status of one or more parties does not negate this requirement.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-0476 PSG (MRWx) | Date | December 28, 2020 |
|---|---|---|---|
| Title | Erica Henderson et al v. Union Station Housing Services et al | | |

*Standing Order* ¶ 5(b).

The Court does not find it appropriate to strike Plaintiffs' motion on Rule 7-3 grounds, although it admonishes Plaintiffs that future disregard for the Local Rules will not be tolerated. Although it appears that Plaintiffs did not attempt to meet and confer with USHS before filing the instant motion, Plaintiffs are proceeding *pro se*, and the Court liberally construes *pro se* filings, holding them to a less stringent standard than documents drafted by experienced lawyers. *See Florer v. Congregation Pidyon Shevuyim, N.A.*, 639 F.3d 916, 923 n.4 (9th Cir. 2011). Furthermore, in exercising its discretion to grant leave to amend, "a court must be guided by the underlying purpose of Rule 15 to facilitate decision on the merits, rather than on the pleadings or technicalities." *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981).

While the Court does not find it appropriate to decide this motion based on Plaintiffs' procedural error, any future failure to comply with the Local Rules may result in the imposition of sanctions.

Next, the Court turns to the motion to amend.

B.   Motion to Amend

USHS does not oppose Plaintiffs' request to (1) remove Timothy Rivera and Jason Henderson as Plaintiffs[3] or (2) correct USHS's name. *See generally Opp*. Accordingly, the Court focuses its analysis on whether it is proper to add the New Defendants.

   i.   *Rule 15 Applies*

At the outset, Plaintiffs and Defendant disagree as to which Federal Rule of Civil Procedure governs. Defendant argues that Rule 16 applies because "the four parties have yet to be added and they cannot be added as Doe defendants due to the [scheduling] [o]rder." *See Opp*. 3:13–4:2. Plaintiffs argue that Rule 15 applies because they submitted their motion four days before the November 30 deadline to amend or add parties.[4] *See Reply* 4:13–5:5.

---

[3] The Court notes that the FAC does not list Timothy Rivera and Jason Henderson as plaintiffs, and therefore this request is unnecessary.

[4] In their motion, Plaintiffs assert that "Rule 15(a) generally governs the amendment of complaints, but in the case of proposed amendments where new defendants are to be added, Rule 21 governs." *Mot*. 2:7–9. Rule 21, labeled "Misjoinder and Nonjoinder of Parties," provides

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-0476 PSG (MRWx) | Date | December 28, 2020 |
|---|---|---|---|
| Title | Erica Henderson et al v. Union Station Housing Services et al | | |

The Court agrees with Plaintiffs. The scheduling order clearly sets a deadline for the parties to file motions, which Plaintiffs met. Under Defendant's contrary interpretation, the Court must *decide* motions to amend by the deadline in the scheduling order, but Defendant cites no authority for this position, and the Court finds that such an interpretation is erroneous. Accordingly, the Court rejects Defendant's interpretation and applies Rule 15 rather than Rule 16.

> ii.  *Leave to Amend the Complaint is Warranted*

Courts typically consider five factors when determining whether leave to amend is warranted: (1) undue delay, (2) prejudice to the opposing party, (3) bad faith, (4) futility of any amendment, and (5) whether plaintiff has previously amended his complaint. *See Eminence*, 316 F.3d at 1051–52; *Sisseton-Wahpeton Sioux Tribe of Lake Traverse Indian Reservation v. United States*, 90 F.3d 351, 355–56 (9th Cir. 1996). In the Ninth Circuit, prejudice to the opposing party is the most important factor. *See Eminence*, 316 F.3d at 1052 ("[I]t is the consideration of prejudice to the opposing party that carries the greatest weight.").

The Court finds it appropriate to grant Plaintiffs' motion in this case. Plaintiffs filed this motion within the time permitted under the scheduling order, and they acted promptly to amend the complaint upon receiving information motivating the addition of the New Defendants. *Reply* 5:9–6:5. There is no evidence of bad faith, and Plaintiffs amended their complaint only once, which was before USHS had appeared in the action. *See generally FAC*.

USHS argues it will be prejudiced if the Court grants Plaintiffs' motion because (1) it would "most likely involve postponement of both the mediation [set for January 12, 2021] and the trial [set for August 10, 2021]," and (2) filing another answer in response to the SAC and assessing whether it can defend against the New Defendants "is a huge financial burden" on "a

---

that a court "may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21. Courts in this district apply Rule 15(a) and/or 16, rather than Rule 21, to motions to amend that seek to add defendants. *See, e.g.*, *Party Animal, Inc. v. Evanger's Dog & Cat Food Co.*, No. CV173422PSGFFMX, 2019 WL 8355728, at *2 (C.D. Cal. Dec. 9, 2019) (applying Rules 15 and 16 to plaintiff's request to add defendants); *Nelson v. City of Los Angeles*, No. CV115407PSGJPRX, 2020 WL 3891468, at *1 (C.D. Cal. May 4, 2020) (same). However, there is "little practical difference between Rule 15 and Rule 21 since they both leave the decision whether to permit or deny an amendment to the district court's discretion." *Amaya v. Roadhouse Brick Oven Pizza, Inc.*, 285 F.R.D. 251, 253 (E.D.N.Y. 2012).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-0476 PSG (MRWx) | Date | December 28, 2020 |
|---|---|---|---|
| Title | Erica Henderson et al v. Union Station Housing Services et al | | |

non-profit dedicated to serving the homeless in Southern California." *Opp*. 6:7–18. The Court is not convinced. USHS and the New Defendants will not be prejudiced as the discovery cut-offs are more than four months away and trial is more than seven months away. *See* Dkt. # 45. Moreover, Plaintiffs have already filed a proposed SAC with their motion, reducing the potential delay from permitting the amendment. *See* Dkt. # 51-1. While the Court appreciates that USHS may be required to expend additional resources responding to the SAC, "expenditure of time and money in litigation to defend a claim does not constitute prejudice with the meaning of Rule 15." *Gillette v. Uber Techs.*, No. C-14-5241 EMC, 2015 WL 4931793, at *4 (N.D. Cal. Aug. 18, 2015) (citing *AmerisourceBergen Corp. v. Dialysist West, Inc.,* 465 F.3d 946, 953 (9th Cir.2006)).

USHS also argues that leave to amend should be denied because Plaintiffs knew or should have known the identities of the New Defendants prior to filing suit. *Opp*. 4:3–6. According to USHS, Brauer was the CEO and Trussel was the Board Chair of USHS at the time of the events complained of in the FAC, and Plaintiffs could have discovered their identities by looking at USHS's website. *Id*. 4:23–5:3. Further, USHS asserts that "Plaintiffs cannot state with any credibility that they did not know the identities of the other two parties prior to filing this Motion to Amend" because "both John Scherck and Erin Brand are identified as key people in creating the alleged harm outlined in both the Complaint and the FAC." *Id*. 5:5–9.

The Court agrees with Plaintiffs that this argument is without merit. First, USHS admits that Brauer was the CEO and Trussel was the Board Chair of USHS from August 2017 until February 2019, but the original complaint was not filed until January 20, 2020. *Id*. 4:23–5:1. Thus, unless USHS failed to update its website for almost a year, Brauer and Trussel were no longer listed on the website when Plaintiffs filed the original complaint, and it is not clear how Plaintiffs should have known their identities. *See Declaration of Erica Henderson*, Dkt. # 53-1 ("*Henderson Decl*."), ¶¶ 2–3. Second, Plaintiffs assert that, while Plaintiffs knew Scherck's identity, they did now know that "Scherck and his supervisors could be liable in their personal capacity for the injuries suffered by Plaintiffs" until USHS propounded its initial disclosures on October 15. *Reply* 5:9–15.

Third, USHS's reliance on *Rich v. Shrader*, 823 F.3d 1205 (9th Cir. 2016) is misplaced. In *Rich*, the Ninth Circuit held that the district court did not abuse its discretion when it denied leave to amend the complaint because the plaintiff sought to amend a cause of action "after almost five years of litigation." *Id*. at 1209–10. Here, while Plaintiffs initiated this action on January 20, *see* Dkt. # 1, USHS appeared for the first time on July 30, *see* Dkt. # 33. USHS has

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-0476 PSG (MRWx) | Date | December 28, 2020 |
|---|---|---|---|
| Title | Erica Henderson et al v. Union Station Housing Services et al | | |

been litigating this case for five months, a far cry from the five years in *Rich*, and it has not filed any motions. Unlike in *Rich*, this case is in its early stages.

IV. <u>Conclusion</u>

For the foregoing reasons, the Court **GRANTS** the motion to amend the complaint. The SAC attached to Plaintiffs' motion is **DEEMED FILED**.

**IT IS SO ORDERED.**